IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM RANDALL BURNETTE,      )
 # 135390,                     )
                               )
           Petitioner,         )
                               )
     v.                        )     Civil Action No. 2:14cv407-WHA
                               )              (WO)
LEON FORNISS, *et al.*,        )
                               )
           Respondents.        )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 2, 2014, this court received petitioner William Randall Burnette's ("Burnette") *pro se* pleading titled as a "Petition for Writ of Certiorari." Doc. # 1. In his pleading, Burnette asserted that he is "incarcerated illegally" and appeared to challenge a conviction in the Circuit Court of Montgomery, Alabama, apparently on charges of fraud and theft of property. Because Burnette's allegations were vague and the case history of any criminal proceedings in state court could not be gleaned from his pleading, the court entered an order on June 6, 2014 (Doc. # 4), allowing Burnette until July 7, 2014, to re-plead his petition – using the form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 – to allow this court to determine which state court judgment, if any, he was challenging by his petition. The court directed Burnette to identify any conviction he was challenging and to plainly and concisely state all grounds on which he claimed he is entitled

to relief.[1]  *See* Doc. No # 4 at 1-2.

On July 15, 2014, after the requisite time had passed and Burnette failed to re-plead his petition or otherwise comply with the court's order of June 6, 2014, this court entered an order allowing Burnette until August 4, 2014, to comply with the court's orders by re-pleading his petition in the manner directed by this court using the form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Doc. # 5.  The court specifically cautioned Burnette that his failure to comply with its order would result in a recommendation that this case be dismissed.  *Id*. at 1.

The requisite time again passed without Burnette's compliance with the court's directives that he re-plead his petition in the manner directed by the court.  However, on August 27, 2014, the court received a letter from Burnette (Doc. # 7) in which he indicates that proceedings on a Rule 32, Ala.R.Crim.P., petition he has filed are ongoing in the state courts and that the Alabama Court of Criminal Appeals has remanded his Rule 32 petition to the trial court to consider "the issues [he] brought to the Federal Court's attention."  Doc. # 7 at 1.  Burnette further states, "I will try to exhaust all state court remedies before I re-file to the Federal Court."  *Id*.

While it is still not evident to this court what conviction Burnette is challenging or his precise grounds for that challenge, the circumstances would seem to suggest that any claims asserted in a § 2254 petition at this time would be unexhausted in the state courts.

---

[1]The court's order directed the Clerk of Court to send Burnette the form for use in filing a 28 U.S.C. § 2254 petition.  Doc. #4 at 2.

Consequently, the court concludes that dismissal of this case is appropriate for Burnette's failure to comply with the court's orders and to allow Burnette to exhaust any claims he may have in the state courts.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Burnette's failure to comply with the orders of this court and to allow Burnette to exhaust any claims he may have in the state courts.

It is further

ORDERED that on or before **December 22, 2014**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done this 8th day of December, 2014.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE